NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000894
28-JUN-2017
08:15 AM

NO. CAAP-15-0000894

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


COUNTY OF HAWAIʻI,
a municipal corporation of the State of Hawaiʻi
Plaintiff-Appellant,
v.
WILLIAM R. SANTOS and EDITA B. SANTOS,
Trustees for the Santos Family Trust Dated May 12, 1994,
Defendants-Appellees,
and
JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS;
DOE CORPORATIONS 1-100; DOE ENTITIES 1-100; and
DOE GOVERNMENTAL UNITS 1-100,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 02-1-0131K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Chan, JJ.)

Plaintiff-Appellant County of Hawaiʻi (County) appeals from the (1) "Order Denying Plaintiff County of Hawaiʻi's Motion to Set Aside Order of Dismissal Pursuant to Rule 41 of the Hawaiʻi Rules of Civil Procedure Filed on December 4, 2013, and to Reinstate Case," filed on August 14, 2015 (Order Denying Motion to Set Aside), (2) "Order Denying Plaintiff County of Hawaiʻi's Motion for Reconsideration of Order Denying Plaintiff County of Hawaiʻi's Motion to Set Aside Order of Dismissal Pursuant to Rule 41 of the Hawaiʻi Rules of Civil Procedure Filed on December 4, 2013, and to Reinstate Case," filed on September 30, 2015 (Order Denying Motion for Reconsideration), and (3)

"Final Judgment," filed on November 12, 2015 (Final Judgment), entered by the Circuit Court of the Third Circuit (circuit court).[1]  This appeal arises out of a condemnation proceeding of property in Kona, Hawai'i owned by Defendant-Appellee William R. Santos and Edita B. Santos, Trustees for the Santos Family Trust Dated May 12, 1994 (Trustees).

On appeal, the County contends that the circuit court erred when it (1) *sua sponte* dismissed the case pursuant to Rule 41 of the Hawai'i Rules of Civil Procedure (HRCP) and failed to set aside its dismissal and (2) failed to provide an explanation as to why less severe sanctions were insufficient.

As explained below, we conclude that the circuit court abused its discretion when it *sua sponte* issued an order of dismissal without proper notice to the parties, and therefore we need not address the County's other arguments on appeal.

On December 4, 2013, after several years of inaction, the circuit court entered an "Order of Dismissal Pursuant to Rule 41 of the Hawai'i Rules of Civil Procedure" (Rule 41 Dismissal Order), dismissing the County's complaint without prejudice for "want of prosecution."  Pursuant to Hawaii Revised Statutes (HRS) § 635-3 and HRCP Rule 41(b), notice to the parties is required for entry of a dismissal for lack of prosecution.  HRS § 635-3 (2016) provides:

> The court may dismiss any action for want of prosecution <u>after due notice to the claimants</u> whenever claimants have failed to bring such action to trial within a period established by rule of court.  Prior to dismissal of any action for want of prosecution, a court shall have adopted, promulgated, and published a rule or rules of court providing circumstances in which a claimant may seek relief from the judgment or order and such other safeguards as may be necessary.

HRCP 41(b)(2) states:

> (2) For failure to prosecute or comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim <u>with written notice to the parties</u>.  Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

---

[1]     The Honorable Melvin H. Fujino presiding.

Additionally, "circuit courts have inherent power to dismiss a case for want of prosecution but only where the parties have an opportunity to be heard prior to the dismissal." Lim v. Harvis Constr., Inc., 65 Haw. 71, 73 647 P.2d 290, 292 n.1 (1982).

In this case, neither party was served with a copy of the Rule 41 Dismissal Order when it was issued by the circuit court, as required by HRCP Rule 77(d). The County stated that it had only became aware of the Rule 41 Dismissal Order while reviewing the status of various cases long after the entry of the order.

Pursuant to HRCP Rule 41(b)(2), the Rule 41 Dismissal Order included a provision that allowed the parties to show good cause for setting aside the dismissal within ten days from the filing of the order. However, neither the County nor the Trustees were given an opportunity to respond to the order because neither party was given notice prior to or after the filing of the order as required by HRS § 635-3 and HRCP Rule 41(b)(2). Therefore, we conclude that the circuit court abused its discretion when it failed to notify the parties of its Rule 41 Dismissal Order.

We note that although the Rule 41 Dismissal Order purports to dismiss the action "without prejudice," the Final Judgment entered by the circuit court dismisses the action "with prejudice" and enters judgment on the complaint in favor of the Trustees and on the counterclaim in favor of the County. The circuit court also denied the County's motion to set aside the Rule 41 Dismissal Order and the County's motion for reconsideration without explaining the basis for its decisions. Therefore, we cannot tell if the circuit court's basis for denying these motions was simply the failure of the County to file a motion to set aside the dismissal within ten days. On remand, we direct the circuit court to address the merits of the County's arguments that it has shown good cause for setting aside the Rule 41 Dismissal Order.

Accordingly, we vacate the Order Denying Motion to Set Aside, the Order Denying Motion for Reconsideration, and the

Final Judgment. This case is remanded to the circuit court for further proceedings in accordance herewith.

DATED: Honolulu, Hawaiʻi, June 28, 2017.

On the briefs:

Laureen L. Martin,
Deputy Corporation Counsel,
County of Hawaiʻi
for Plaintiff-Appellant.

Michael J. Matsukawa
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

4